**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

IONUT PEDRO DUMITRU,

Petitioner,

v. Case No. 1:26-cv-00800-MLG-SCY

GEORGE DEDOS, Warden, Cibola County Correctional Center, MARISA FLORES, Acting Director, El Paso Field Office, U.S. Immigration & Customs Enforcement, Enforcement & Removal Operations, TODD M. LYONS, Acting Director, U.S. Immigration & Customs Enforcement, KRISTI NOEM, Secretary, U.S. Department of Homeland Security, PAMELA BONDI, U.S. Attorney General, DAREN K. MARGOLIN, Director, Executive Office of Immigration Review,

Respondents.

**ORDER TO SHOW CAUSE AND ENJOINING PETITONER'S TRANSFER**

Petitioner Ionut Pedro Dumitru—a citizen of Romania detained at the Cibola County Correctional Center in New Mexico—challenges his continued detention and seeks a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition")[1] enjoining his transfer outside the District of New Mexico while the habeas petition pends; ordering Respondents to show cause why the Court should not grant the Petition within ten business days; demanding that Respondents immediately release him from detention; declaring his detention under 8 U.S.C. § 1225(b)(2) unlawful and

[1] The Clerk's Office served this on Respondents in accordance with the Standing Order filed January 28, 2026. Doc. 1; *see* Doc. 2; Standing Order, *In re Serv. of Process in Immigr. Habeas Petitions Filed Pursuant to §§ 2241 et seq.*, No. 1:26-mc-00004 (D.N.M. Jan. 28, 2026). Respondents' counsel will receive electronic notice of all filings in this case as they are now notice-recipients through the CM/ECF system.

unconstitutional; or, in the alternative, ordering a rehearing with a custody redetermination under § 1226(a) where the government bears a clear and convincing burden. Doc. 1 at 3-4, 17.

Within ten business days of this Order's filing, the United States Attorney's Office for the District of New Mexico ("USAO") must respond to the Petition and show cause why the Court should not grant the requested relief. The response must specify whether Dumitru was granted conditional parole pursuant to § 1226(a) prior to his detention in January 2026, and if he was, whether his parole was formally revoked following a pre-deprivation hearing prior to his re-detention. *See* Doc. 1 at 3. The USAO shall attach any documents in federal Respondents' possession that are relevant to the Court's consideration of whether Dumitru is entitled to immediate release. They must also explain their position, if any, on whether the Court should grant such relief. Dumitru may reply within ten business days of the filing of any response. The Court will determine whether a hearing is necessary once briefing is complete.[2] Finally, pursuant to the All Writs Act, Respondents are enjoined from transferring Petitioner outside this District without prior approval from the Court while this proceeding pends. 28 U.S.C. § 1651(a); *see Arostegui-Maldonado v. Baltazar*, 794 F. Supp. 3d 926, 948-49 (D. Colo. 2025).

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[2] The Court generally does not permit remote appearances. All interested counsel must appear for hearings in person.